FILED

2007 Jul-06  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| COMPASS FINANCIAL CORPORATION AND COMPASS BANK, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MARSHALL INVESTMENTS CORPORATION; MARSHALL FINANCIAL INC.; THE MARSHALL GROUP; MARSHALL BANKFIRST CORP.; WILEY H. SHARP, III; CIT GROUP/EQUIPMENT FINANCING, INC., | ) CIVIL ACTION NO. ) 2:07-CV-0885-VEH ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## <u>MEMORANDUM OPINION</u>

### I.    Introduction

This case was originally filed on or about April 9, 2007, in the Circuit Court

of Jefferson County by Plaintiffs Compass Financial Corporation and Compass Bank

("Compass").   (Ala. SJIS Case Detail, Doc. #9, Ex. 1).   Defendant CIT

Group/Equipment Financing, Inc. ("CIT") removed this case to this court on May 10,

2007. (Doc. #1).  Defendants Marshall Investments Corporation, Marshall Financial

Inc., The Marshall Group, Marshall Bankfirst Corp., and Wiley H. Sharp, III

consented to and joined in removal on June 6, 2007.  (Doc. #9).  All Defendants,

excepting CIT and Wiley H. Sharp, III, were served on May 7, 2007.  (Ala. SJIS Case

Detail, Doc. #9, Ex. 1).  Defendant Wiley H. Sharp, III, was served on May 8, 2007,

and CIT was served on May 17, 2007.  *Id.*  CIT premised its removal upon diversity

jurisdiction under 28 U.S.C. § 1332.

Pending before the court are: plaintiff Compass's Motion to Remand (Doc.

#10) filed on June 8, 2007; defendant CIT's  Motion for Leave to File Amended

Notice of Removal (Doc. #14) filed on June 12, 2007; CIT's Amended Notice of

Removal (Doc. #15) filed on June 12, 2007; and Compass's Response and Motion to

Strike Amended Notice of Removal (Doc. #19).  For the reasons set forth below,

Compass's motion to remand is due to be denied, Compass's motion to strike is due

to be granted, CIT's motion for leave to file amended notice of removal is due to be

denied, and the amended notice of removal is  due to be stricken.  However, because

the court finds - for the reasons set forth below - that it lacks subject matter

jurisdiction, the case is due to be remanded.

## II.     Compass's Motion to Remand

Compass's motion to remand cites procedural defects in the notice of removal

as compelling remand pursuant to 28 U.S.C. § 1447.[1]  Compass claims that (1) the

---

[1] "A motion to remand the case on the basis of any defect other than lack of

(continued...)

statement in CIT's Notice of Removal that no other defendants had yet been served

is factually and fatally incorrect, and (2) the said Notice fails to allege the citizenship

of defendant Wiley H. Sharp, III.

**A.    Notice of removal is factually, but not fatally, incorrect in its statement as to when co-defendants were served.**

Compass's motion to remand and the attached documents establish that all co-

defendants were in fact served prior to CIT's notice of removal, and this court accepts

the conclusion that CIT's notice of removal was factually incorrect.  However,

remand will not be granted based on irregularities in the removal procedure, but

rather only upon the "grounds that the removing party has failed to comply with the

statutory requirements for removal."  *Adams v. Charter Communication VII, LLC*,

356 F. Supp. 2d 1268, 1271 (M.D. Ala. 2005); *see also Bryant Bros. Co. v. Robinson*,

149 F. 321 (5th Cir. 1906) (holding that "where there is no doubt about the case being

one of which the Circuit Court has jurisdiction, and the only doubt is as to the

regularity of the removal . . . the motion to remand should be overruled.");[2] *Tipp v.*

*Amsouth Bank*, 89 F. Supp. 2d 1304, 1307 (S.D. Ala. 2000) ("A defect in the removal

_____

[1] (...continued)
subject matter jurisdiction must be made within 30 days after the filing of the notice of
removal under section 1446(a)."  28 U.S.C. § 1447(c).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc),
the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit
handed down prior to October 1, 1981.

process typically refers to a failure to comply with one or more of the procedural requirements specified in the test of the removal statute," *i.e.,* 28 U.S.C. §§ 1332 or 1446).[3]   Thus, Compass must rely on the argument that the case should be remanded because CIT fails to show unanimity of consent.   *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (holding that a "remand based solely on the unanimity requirement is clearly . . . a defect in the removal process.").

"The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."   *Id.* (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993)).   However, the rule of unanimity does not require that all defendants sign the same notice of removal.

---

[3]   The relevant portions of 28 U.S.C. § 1446 state:

**(a)** A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446.

Rather, "28 U.S.C. § 1446(a) requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty day period following service of process." *Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N.D. Ala. 1996); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

The record establishes that all defendants not joined in the Notice of Removal consented by notice entitled "The Marshall Defendants' Consent To and Joinder in Removal" filed with this court June 4, 2007, less than thirty days after the first defendant was served.  (Doc. #9).  Therefore, the court concludes that the unanimity requirement was met and, accordingly, no basis to remand is available on that point.

**B.     CIT properly alleged diversity of citizenship.**

Compass also argues that CIT failed to show diversity jurisdiction by not properly alleging the citizenship of defendant Wiley H. Sharp, III ("Sharp").  Under the heading "Diversity of Citizenship," CIT's removal notice gives Sharp's residence and place of business as Minnesota, where he was served.  (Doc. #1).  Compass argues that this allegation is insufficient to show diversity and therefore compels remand.  *See* 28 U.S.C. 1332(a).[4]  The Eleventh Circuit, in general, "favors remand

---

[4]  The relevant portion of 28 U.S.C. § 1332 states:

(continued...)

of removed cases where federal jurisdiction is not absolutely clear." *Beard v. Lehman*

*Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1317 (M.D. Ala. 2006) (citing *Burns v.*

*Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).   However, the court

considers "the entire record to determine whether the evidence of residency was . . .

sufficient to establish citizenship." *Preston v. Tenet Healthsystem Mem'l Med. Ctr.,*

*Inc.*, 485 F.3d 793, 800 (5th Cir. 2007) (citing *State Farm Mutual Auto. Ins. Co. v.*

*Dyer*, 19 F.3d 514 (10th Cir. 1994); *Denlinger v. Brennan*, 87 F.3d 214 (7th Cir.

1996); *Sligh v. Doe*, 596 F.2d 1169 (4th Cir. 1979); *Fort Knox Transit v. Humphrey*,

151 F.2d 602 (6th Cir. 1945); *see also Grace v. American Cent. Ins. Co.*, 109 U.S.

278 (1883) (holding that "where jurisdiction depends upon the citizenship of the

parties, such citizenship, *or the facts which in legal intendment constitute it*, should

be  distinctly  and  positively  averred  in  the  pleadings,  or  they  should  appear

---

[4]  (...continued)

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a
>
> foreign state are additional parties; and
>
> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and
>
> citizens of a State or of different States.

28 U.S.C. § 1332.

affirmatively and with equal distinctness in other parts of the record.") (emphasis added).

Furthermore, though it is well established in this circuit that "the party invoking federal jurisdiction bears the burden of proof if diversity is challenged," *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust*, 588 F.2d 431, 432 (5th Cir. 1979), the court notes that Compass is not challenging diversity, but rather arguing that the allegation itself is insufficient.  In other words, Compass does not claim that Sharp is not in fact a citizen of Minnesota, nor does it dispute any of CIT's factual allegations thereto.  Furthermore, this court adheres to the rules of notice pleadings "which apply with as much vigor to petitions for removal as they do to other pleadings, which, according to Rule 8(f) of the Federal Rules of Civil Procedure, 'shall be so construed as to do substantial justice.'" *Rachel v. Georgia*, 342 F.2d 336 (5th Cir. 1965), *aff'd*, 384 U.S. 780 (1966).  Therefore, this court finds that the undisputed facts - showing that Sharp is a resident of Minnesota, is employed in that state, and was served therein - create "prima facie evidence of his citizenship in that state." *Fort Knox*, 151 F.2d at 602.  In so construing and evaluating CIT's allegations of diversity, this court finds no such procedural defect in the Notice of Removal, and therefore remand is not available as to that point.

Therefore, for the reasons stated above, the court concludes that there is no basis to remand on the arguments forwarded by Compass, and its Motion to Remand is due to be denied.

**III.    CIT's Motion for Leave to File Amended Notice of Removal, Amended Notice of Removal,  and Compass's Response and Motion to Strike**

CIT's Motion for Leave to File Amended Notice of Removal relies on both the statutory thirty days allowed by 28 U.S.C. § 1446(b) and Rule 15's admonishment that leave to amend pleadings "shall be freely given when justice so requires."  However, this court - as explained below and advocated by Compass's Response and Motion to Strike - holds to the first-served-defendant rule, rendering CIT's motion and the proffered Amended Notice of Removal untimely.  Thus, the Motion for Leave is due to be denied, the Amended Notice of Removal is due to be stricken, and Compass's Motion to Strike is due to granted.

The statutory time limits established by 28 U.S.C. § 1446(b) allow a defendant to file a "notice of removal . . . within thirty days" after service of the initial pleading. *See generally Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Likewise, "[d]eficiencies in the notice of removal can be corrected within the thirty day time period . . ." *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 943 (M.D. Fla. 1993) (citing *Alexander by Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1221 (M.D. Ala. 1991), *overruled on other grounds by In re City of Mobile*, 75

Case 2:07-cv-00885-VEH   Document 23   Filed 07/06/07   Page 9 of 17

F.3d 605 (11th Cir. 1996); *see also Richardson v. United Steelworkersof Am.*, 864

F.2d 1162, 1165 (5th Cir. 1989) (citing Charles A. Wright et al., 14C Fed. Practice

& Proc. § 3733.).  This does, however, present the question of whether this thirty day

period begins with the service of the first served defendant or with the service of the

last served defendant.

"The Eleventh Circuit has not decided whether to follow the last-served-

defendant rule, or . . . the so-called first-served-defendant rule."  *Fitzgerald v.

Bestway Services, Inc.*, 284 F. Supp. 2d 1311, 1314 (N.D. Ala. 2003).  There is a split

among the circuits that have addressed the issue, with the Sixth and Eighth Circuits

holding to the last-served rule, and the Fifth Circuit adopting the first-served-

defendant rule. *Id.* at 1315 (citing, e.g., *Brierly v. Alusuisse Flexible Packaging, Inc.*,

184 F.3d 527 (6th Cir. 1999); *Marano Enterprises v. Z-Teca Restaurants*, 254 F.3d

753 (8th Cir. 2001); and *Getty Oil Corp.*, 841 F.2d 1254 (5th Cir.)); *see also*

*McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924 (4th

Cir. 1991) (establishing Fourth Circuit rule)(each defendant has 30 days from the date

he, she, or it is served).

The removing party in *Fitzgerald* was added to the amended complaint eight

months after the initial pleading. *Id*. at 1313.  Thus, while the court eventually sided

with the last-served-defendant in *Fitzgerald*, it distinguished that case from those

"which tend to involve co-defendants who are named simultaneously in the original complaint," narrowing its holding to exclude a case such as this one. *Id.* at 1316. Furthermore, the same district court has previously held to the first-served-defendant rule. *East v. Long*, 785 F. Supp. 941, 945 (N.D. Ala 1992) (citing 1A Moore's Federal Practice ¶ 0.168[3.-5-5] at 585-87). This court recognizes the arguments for both the last-served-defendant rule and the first-served-defendant rule, but finds that, in holding to the first-served defendant rule, it is in line with decisions from both this district and the other districts in this state.[5] The first served defendant was served on May 7, 2007. CIT's Motion for Leave to File, and its Amended Notice of Removal, each were filed on June 12, 2007, more than thirty days later. This court therefore finds that the Amended Notice of Removal is untimely per 28 U.S.C. 1446(b). Furthermore, regardless of CIT's invocation of Rule 15, removal statutes are to be strictly construed. *Shamrock Oil & GasCorp. v. Sheets*, 313 U.S. 100, 108 (1941) (holding that "the policy of successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation."); *see also Andalusia Enterprises, Inc. v. Evanston Ins. Co.*, —F. Supp.2d—, 2007 WL 1346601,

---

[5] *See*, *e.g.*, *Adams v. Charter Communication VII, LLC*, 356 F. Supp. 2d 1268 (M.D. Ala. 2005); *Betts v. Larsen Intermodal Services, Inc.*, 2006 WL 1748600 (S.D. Ala. 2006); *Cartee v. Precise Cable Const., Inc.*, 2005 WL 2893951 (S.D. Ala. 2005); *Jerrell v. Kardoes Rubber Co.*, 348 F. Supp. 2d 1278 (M.D. Ala. 2004); *Jeffcoat v. American Gen. Life & Accident Ins. Co.*, 2001 WL 611196 (M.D. Ala. 2001).

*9 (N.D. Ala. Mar. 15, 2007) (holding that defendant could not amend its notice of removal filed after the thirty day period where the plaintiff filed a timely motion to remand); *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004).

Therefore, for the reasons stated above, CIT's Motion for Leave to Amend Notice of Removal is due to be denied, Compass's Response and Motion to Strike is due to be granted, and CIT's Amended Notice of Removal is due to be stricken.

## IV.   Subject Matter Jurisdiction

### A.   General Rules Applicable to this Case

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil*, 313 U.S. at 108-09).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the limited exception of civil rights cases that have been removed - orders of remand by district courts are insulated from review.  Section 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d); *see also Kirchner v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) (holding that "where the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand.") (citing *Briscoe v. Bell*, 432 U.S. 404, 413-14 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, No. 05-85, 2007 WL 1731097, at *6 (U.S. June 18, 2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

## B.    Amount in controversy

CIT premised its removal upon this court's diversity jurisdiction.  "However, when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the

parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is $75,000.  28 U.S.C. § 1332.

 "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211.  In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available. *Id*. at 1210.

Similarly, in this case, the court only finds the allegations of the amount in controversy made in the notice of removal, without even the additional benefit of the bare pleadings.  In its notice of removal, CIT alleges:

14

> The amount in controversy exceeds $75,000 in value, exclusive of interests and costs.  Although Plaintiffs have not alleged any specific dollar amount in controversy in the specific counts asserted in the Complaint, Plaintiffs have asserted claims for: fraudulent, negligent and/or innocent representation - initial agreement; fraudulent suppression and failure to disclose - initial agreement; fraudulent, negligent and/or innocent representations - draws; fraudulent suppression and failure to disclose - draw; breach of contract; negligence/wantonness; rescission; declaratory judgment; unjust enrichment.  Moreover, the allegations in this complaint arise out of Plaintiffs' $15 million investment in a complex commercial equipment lease/financing and the Plaintiffs claim losses in excess of $10 million.  See Introduction to Complaint.

(Doc. #1).  While this court suspects that the requisite amount in controversy may well exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

CIT's removal notice cites the Introduction to Complaint in support of its claim to amount in jurisdiction. The Complaint was never filed with this court.[6] As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see also Lindsey v.*

---

[6] None of the pleadings in the underlying state court action have been filed in this case.

*Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case.").

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215. With nothing but the Notice of Removal before it, the court concludes that there is not a sufficiently concrete basis for the exercise of removal jurisdiction premised upon diversity jurisdiction under 28 U.S.C. § 1332, and the case is due to be remanded to the Circuit Court of Jefferson County for lack of subject matter jurisdiction.[7]

---

[7] The court is aware that despite the Eleventh Circuit's apparent rejection of post-removal discovery, it has held that a limited amount of post-removal evidence may be appropriate. *Lowery*, 483 F.3d at 1215. In *Sierminski v. Transouth Financial Corp.*, the court explained that if the jurisdictional amount is not "facially apparent" from the complaint, "the court . . . may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." 216 F.3d 945, 949 (11th Cir. 2000). However, neither party has requested this court to order such evidence, and the court will not act *sua sponte* to acquire it.

## V.     Conclusion

For the reasons set out above this court concludes that Compass's motion to remand is due to be denied; Compass's motion to strike is due to be granted;  CIT's motion is due to be denied; and the amended notice of removal is due to be stricken. Furthermore, because the court finds - for the reasons set forth above - that it lacks subject matter jurisdiction, the case is due to be remanded.  Accordingly, an order will be entered remanding the case to the Circuit Court of Jefferson County.

**DONE** and **ORDERED** this the 6th day of July, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge